UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, AtLee and Senior Judge Clements


DANIEL LEE BROOKS

v.      Record No. 0437-17-3

ROANOKE CITY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
AUGUST 8, 2017


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(David A. Bowers, on brief), for appellant.  Appellant submitting on brief.

(Daniel J. Callaghan, City Attorney; Heather P. Ferguson, Assistant City Attorney; Diana M. Perkinson, Guardian *ad litem* for the minor child, on brief), for appellee.  Appellee and Guardian *ad litem* submitting on brief.


Daniel Lee Brooks (father) is appealing the order terminating his parental rights to his child,

M.B.  Father argues that the circuit court erred by (1) finding that the evidence was sufficient to

support the termination of his parental rights pursuant to Code § 16.1-283(B), (C), and (E); and

(2) terminating his parental rights "without making a determination that [father] received adequate

rehabilitative services while his child was in the custody of the Department of Social Services."[1]

Upon reviewing the record and briefs of the parties, we conclude that the trial court did not err.

Accordingly, we affirm the decision of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father asks this Court to consider his assignments of error pursuant to Code § 8.01-384 and the exceptions to Rule 5A:18.  The Court finds that his arguments were preserved in his closing argument to the circuit court.  Rule 5A:18; see Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995) (the defendant can present an appropriate argument in summation during a bench trial in order to preserve an issue for appeal).

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Father is the biological father to twelve children. He and Roachelle Caldwell (mother) are the biological parents to five children, including M.B., who is the subject of this appeal.

Both parents have a history of substance abuse and domestic violence. The Roanoke City Department of Social Services (the Department) has been involved with them since 2005. In 2007 and 2008, both parents' parental rights were terminated to four of their children.

M.B. was born in August 2011, and three days after her birth, the Department became involved with the family because of allegations about mother and father using cocaine. The Department obtained a preliminary child protective order, which required the parents to submit to random drug screens. Subsequently, both parents tested positive for cocaine, and the Department learned that the police had responded to a call of domestic violence between the parents. Thus, on April 30, 2012, M.B. was placed in the Department's legal custody. The Department provided numerous services to the parents. In 2012, father participated in a psychological and parental capacity evaluation. Dr. Klaire Mundy conducted the evaluation and recommended that M.B. "not return to a home where Mr. Brooks and Ms. Caldwell reside together due to their nearly 15-year history of violence, substance use, and relational dysfunction." In addition to the psychological evaluation, the Department's services included referrals to substance abuse assessments and counseling, individual counseling, family therapy, parenting classes, transportation assistance, visitations, vocational services, and random drug testing. Both parents completed the required services. On October 30, 2013, the parents resumed custody of M.B.

On October 3, 2016, the Department received a child protective services complaint alleging that the parents used drugs in front of M.B. Stephanie Tucker, a child protective services investigator, spoke with mother, who reported that father was using crack cocaine and pulled a gun on her after an argument. Tucker also spoke with father, who said that mother was unstable. Father admitted to relapsing and using crack cocaine.

On October 4, 2016, father submitted to a drug test. He tested positive for cocaine and methamphetamines. On October 5, 2016, mother submitted to a drug test. She tested positive for cocaine, methamphetamines, and opiates.

Initially, the Department placed M.B. with her paternal grandmother, but after a couple of weeks, that placement failed. On October 19, 2016, the Roanoke City Juvenile and Domestic Relations District Court (the JDR court) granted custody to the Department, and M.B. was placed in foster care.

The Department informed the parents that it was not going to provide services, but they could seek services on their own. The Department indicated that it could provide them with addresses and phone numbers and encouraged them to contact Blue Ridge Behavioral Healthcare. The social worker testified that to her knowledge, neither parent contacted Blue Ridge. The Department did arrange for supervised visitations, in which the parents participated.

On November 29, 2016, the Department filed a petition to terminate father's parental rights pursuant to Code § 16.1-283(B), (C)(2), and (E). On December 8, 2016, the JDR court terminated father's parental rights.[2] Father appealed to the circuit court.

On February 13, 2017, the parties presented evidence and argument before the circuit court. The Department presented evidence that the child was doing well in foster care. She was in

_____

[2] The JDR court also terminated mother's parental rights. Both parents appealed to the circuit court. The circuit court terminated mother's parental rights. Mother did not appeal that decision.

- 3 -

counseling and receiving speech therapy. Prior to entering foster care, M.B. had been absent seven days from school and tardy on eight occasions. During the previous school year, M.B. missed more than half of the school year. Since entering foster care, she had not missed any school. At the conclusion of the hearing, the circuit court found that it was in the child's best interests to terminate father's parental rights pursuant to Code § 16.1-283(B), (C)(2), and (E). The circuit court entered the final order on February 14, 2017. This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Father argues that the circuit court erred by finding that the evidence was sufficient to terminate his parental rights pursuant to Code § 16.1-283(B), (C)(2) and (E)(i). He also contends the circuit court erred by not "making a determination that [he] received adequate rehabilitative services while his child was in the custody of the Department."

Code § 16.1-283(E)(i) states:

> The residual parental rights of a parent . . . of a child who is in the custody of a local board . . . may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

Father's parental rights previously were terminated to four of his children. During closing argument, the circuit court asked father's counsel, "You can't get around [Code

- 4 -

§ 16.1-283](E) anyway.  Right?"  Father's counsel replied, "The evidence would not suggest that, Your Honor."

Furthermore, the evidence proved that father had received numerous services since the Department first became involved with his family in 2005.  The Department provided services to father prior to the termination of his parental rights to four of his children in 2007 and 2008.  The Department again provided services to father when M.B. entered foster care in 2012.  Contrary to father's arguments, the circuit court acknowledged the services provided to father and stated that father had "already been through the system and . . . had opportunity services provided."  The circuit court commented that it thought that

> you . . . of all people would err solely on the side of caution.
> Overdo what was, necessary, make certain that there was no
> question at all in anybody's mind that proper care was being
> accorded and -- and everything was being done.  And the lack of
> judgment that is exhibited numerous times throughout the record is
> just replete with specifics as well as generalities that are not merely
> questionable for just from an objective standpoint.

Despite all of the services provided over the years, father continued to have problems with the same issues, namely substance abuse and domestic violence.  The circuit court concluded that it was in the child's best interests that father's parental rights be terminated.  Considering the totality of the circumstances, the circuit court did not err in finding that the evidence was sufficient to terminate father's parental rights pursuant to Code § 16.1-283(E)(i).

When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds.  See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental

rights pursuant to another subsection).  Therefore, we will not consider whether the circuit court erred in terminating father's parental rights pursuant to Code § 16.1-283(B) and (C).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.